United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD BROWDER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-2786 |
| | § | |
| GOLDEN CORRAL CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

## ORDER

Pending before the Court is a Motion to Dismiss filed by Defendant Golden Corral Corporation ("Defendant" or "Golden Corral"). (Doc. No. 10). Plaintiff Reginald Browder ("Plaintiff" or "Browder") responded in opposition and also requested leave to file an amended complaint in the same filing (Doc. No. 16). Having considered the pleadings and applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion for Leave to Amend.

### I. Factual Background

Plaintiff alleges that he experienced discrimination and retaliation under Title II of the Civil Rights Act, as well as mental, emotional, and physical damages because of Defendant's actions. (*Id.* at 3-4). Plaintiff is proceeding in this case *pro se*.

Plaintiff is an African American male. (*Id.*). Around April 18, 2021, Plaintiff visited a Golden Corral restaurant in College Station, Texas to eat at the buffet. (*Id.* at 3). Plaintiff alleges he paid, was seated, and then proceeded to the buffet steak line. (*Id.*). According to Plaintiff, even

though he was first in line and had been waiting longer, the employee served white people who were behind Plaintiff in the same line. (*Id.*). Plaintiff then proceeded to make a complaint to the manager of the restaurant, who was a white male named Steve (last name unknown). (*Id.*). Plaintiff pleads that he was then asked to leave in retaliation for complaining about the alleged act of discrimination, forced to wait outside the restaurant to receive a refund, and that the restaurant intentionally took 30 minutes to get such a refund. (*Id.*). Plaintiff then alleges that the restaurant eventually called the police. (*Id.*).

Defendant filed this Motion to Dismiss for failure to state a claim under Rule 12(b)(6) and lack of subject matter jurisdiction under Rule 12(b)(1). (Doc. No. 10). Plaintiff responded in opposition and also requested for leave to amend his complaint (Doc. No. 16).

## II. Legal Standard

A. Rule 12(b)(6)

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

To determine whether to grant a Rule 12(b)(6) motion, a court may look only to allegations in a complaint to determine their sufficiency. *Santerre v. Agip Petroleum Co., Inc.*, 45 F.Supp.2d 558, 568 (S.D. Tex. 1999); *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2011 WL 1004880 (E.D. Tex. 2011). A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned. *See Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 633 (S.D. Tex. 1999); *Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000) (at motion to dismiss for failure to state a claim, a court may consider an indisputably authentic document that is attached as an exhibit, if plaintiff's claims are based on the document).

B. Subject Matter Jurisdiction - Rule 12(b)(1)

"A case is properly dismissed for lack of subject mater jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Handy v. United Airlines, Inc.*, CV H-20-3751, 2021 639995, at *2 (S.D. Tex. Feb. 18, 2021) (quoting *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When the Court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See id.; Alabama-Coushatta Tribe*

*of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *See Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)).

C. Leave to Amend - Rule 15(a)

Federal Rule of Civil Procedure 15(a) provides that amendments to a complaint may be made once as a matter of course within 21 days of serving it, and after that, only by leave of court or with the consent of the opposing party. *See* Fed. R. Civ. P. 15(a). Under Rule 15(a), the "court should freely give leave when justice so requires." *Id.* Unless there is a "substantial reason," such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party," the court should grant leave to amend. *Dussoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

Leave to amend, however, is "in no way automatic." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). The Fifth Circuit has consistently affirmed denials of motions to amend where the amendment would be futile. *Turner v. Pan. Am. Life Ins. Co.*, 478 F. App'x 915, 916 (5th Cir. 2012). Furthermore, "if a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Here, Defendant contends that Plaintiff's

4

Rule 15(a) Motion should be denied because her proposed amendment—the addition of a retaliation claim under Title VII—would be futile and would fail to survive a Rule 12(b)(6) motion to dismiss based upon the failure to state a claim upon which the Court can award relief.

### III. Analysis

As an initial matter, Defendant notes that Plaintiff's "Title II" claim presumably refers to 42 U.S.C. § 2000(a) through (c), which prohibits discrimination or segregation in places of public accommodation. (Doc. No. 10 at 3). Given that Plaintiff's Response in opposition simply states that he "respectfully asks the court to Deny Defendants [sic] Motion to Dismiss for failure to state a claim" and requests "the court for a Leave to Amend Plaintiffs [sic] Complaint, thus will correct any deficiencies in said Complaint [sic],"[1] the Court will presume that Plaintiff intends to proceed with his causes of action under this statute.

A. Title II

Defendant argues Plaintiff's Title II claim should be dismissed because (1) this Court lacks subject matter jurisdiction over the claim since Plaintiff failed to comply with notice requirements of Title II claims; and (2) Plaintiff has failed to plead a claim for injunctive relief under Rule 12(b)(6).[2] (*Id.* at 4-5).

Defendants argue that Plaintiff failed to notify the relevant state or local authorities to investigate as required under 42 U.S.C. § 2000(c). The statute states, in relevant part:

> "In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or

---

[1] Plaintiff has essentially filed a Response in opposition and a Motion for Leave to Amend within the same filing, even though it is titled solely as a Response to Defendant's Motion to Dismiss and even though a combined filing violates this Court's rules. (*See* Doc. No. 24); *see also* Judge Hanen's Civil Procedures § 3E ("Counsel shall not combine two different and unrelated pleadings ... into the same electronically filed document"). Despite this infirmity, this Court, in the interest of resolving this issue, will address the entirety of the parties' arguments.
[2] Given that the Court does not have subject matter jurisdiction over Plaintiff's Title II claim, it does not see the need to consider Defendant's second argument as to whether Plaintiff has stated a claim upon which relief may be granted under Title II.

5

> authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, **no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.**"

42 U.S.C. § 2000(c) (emphases added).

Defendant maintains that both the city of College Station the State of Texas have enforcement powers for public accommodations. *See* College Station, Tex. Mun. Code. §§ 5-2-1; 5-2-4 (2022); Tex. Civ. Prac. & Rem. Code § 106. According to Defendant, as a prerequisite to filing suit, Plaintiff should have notified either authority prior to filing this action under Title II. *See Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142. 1145 (7th Cir. 1993) (plaintiff's failure to notify state authority barred plaintiff's cause of action). Since Plaintiff has failed to comply with the notice requirements outlined under Title II, Defendant maintains that his claims are barred.

This Court agrees. Nowhere in Plaintiff's Second Amended Complaint does he allege that he sent notice of the alleged discriminatory and retaliatory practice that he experienced at the Golden Corral to any College Station or Texas authority as required for Title II claims. Accordingly, this Court does not have subject matter jurisdiction to hear Plaintiff's Title II claim and Defendant's motion to dismiss as to this claim is granted.

B. Motion for Leave

Given that Plaintiff has already amended his Complaint twice and this Court has granted Defendant's Motion to Dismiss in its entirety as to Plaintiff's claims, granting leave to amend Plaintiff's complaint would be futile. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003). Accordingly, the Court denies Plaintiff's motion for leave to amend. (Doc. No. 16).

6

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. No. 10) and **DENIES** Plaintiff's Motion for Leave to Amend his Complaint (Doc. No. 16). Accordingly, this case is hereby **DISMISSED**.

Signed at Houston, Texas, this 31st day of August, 2023.

Andrew S. Hanen
United States District Judge